IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF IOWA

In the Matter of:

Edward D. Robinson,
Barbara E. Robinson                                              Case No. 12-01523-als7

                              Debtors                               Chapter 7

Peoples State Bank                                         Adv. Pro. 12-30058-als

                              Plaintiff

          v.

Edward D. Robinson,
Barbara E. Robinson

                              Defendants

**MEMORANDUM OF DECISION**
**(date entered on docket: July 23, 2013)**

       Before the Court is the Defendant's Motion for Summary Judgment on Count I of the Plaintiff's complaint asserting an exception to discharge of its debt pursuant to 11 U.S.C. sections 523(a)(2)(A) and (a)(2)(B). A telephonic hearing was conducted in which Michael P. Mallaney appeared for the Defendant-Debtor, and Steven Goodlow represented the Plaintiff. At the conclusion of the hearing the matter was taken under advisement. The Court has jurisdiction of this core proceeding pursuant to 28 U.S.C. sections 157 and 1334. For the reasons set forth below the Motion is granted.

## FACTS

Edward D. Robinson and Barbara E. Robinson ("Debtors" or "Defendants" or "Robinsons") filed a voluntary chapter 7 bankruptcy petition on May 9, 2012.  Schedule D of their filing identified Peoples State Bank ("Plaintiff" or "Bank") as a secured creditor with five different business loans.  A timely Complaint was filed by the Bank on July 27, 2012 which alleges at Count I that its debt be excepted from discharge pursuant to 11 U.S.C. section 523(a)(2)(A) and (a)(2)(B).[1]

The following facts are undisputed.  The Debtors own Moravia Small-Mart, L.L.C. On December 28, 2006 the Bank entered into a loan transaction in the amount of $800,000[2], which included a Security Agreement identifying the Robinsons as the borrowers and Moravia Small-Mart L.C. as a grantor.  This document was executed by the Debtors in both their corporate and individual capacities.  The Bank perfected its security interest in the collateral by filing UCC financing statements with the Iowa Secretary of State on January 2, 2007 and October 11, 2011 under the names of Moravia Small-Mart L..C. "(Small-Mart") and each of the Debtors' individual names.  On June 27, 2011 Barbara Robinson provided to the Bank a balance sheet for Small-Mart.  The balance sheet reflects Gym, Laundromat, Restaurant and Motel Equipment listed in the amount of $90,834.75.

## DISCUSSION

Bankruptcy Rule 7056, incorporating Federal Rule of Civil Procedure 56, applies to Motions for Summary Judgment and states in relevant part:

> (a) The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.

---

[1] Count II of the Complaint is not at issue in this pending Motion for Summary Judgment.
[2] A copy of the original loan was not provided as an exhibit by either party.

>(c)(1) A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:
>(A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
>(B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to a judgment as a matter of law." Celotex v. Catrett, 477 U.S. 317, 322 (1986). Once the moving party has met its burden of showing both the absence of a genuine issue of material fact and its entitlement to judgment as a matter of law, the burden shifts to the non-moving party to set forth specific facts to show that a genuine issue of material fact exists. N. Am. Specialty Inc. Co. v. Thomas (In re Thomas), Bankr. No. 08-42854 Chapter 7, No. 4:09-CV-248 (CEJ), 2010 U.S. Dist. LEXIS 16269, at *8-9 (Bankr. E.D. Mo. Feb. 24, 2010).

There is a two-part analysis under Rule 56. First, whether there is "a genuine dispute of material fact – i.e., a triable issue as to a fact necessary to satisfy an essential element of the claim or defense in question, under the governing law." Second, "only if there is no genuine dispute of material fact, [whether] the governing law dictate[s] judgment for the movant on the facts thus established as uncontroverted." Cmty. Fin. Group, Inc. v. Fields (In re Fields), 449 B.R. 387, 391 (Bankr. D. Minn 2011).

I.      Defendant's Motion for Summary Judgment and Plaintiff's Objection

In its Motion for Summary Judgment, the Defendants argue that according to discovery depositions of the Bank's Officers, Kevin Kness, President, and Ruth Neubert, Vice President, that there are no facts in dispute which indicate that the Plaintiff cannot establish a claim under 11 U.S.C. section 523(a)(2). Specifically, these witnesses state that the Bank does not contend that there was a false financial statement given in connection with the loan transaction dated December 28, 2006. The financial statement, or balance sheet, that was provided in June 2007 was an annual statement. That document was not utilized to extend or provide new credit to either the Robinsons or Small-Mart.

Plaintiff's Objection brings to light new facts that were not discussed in the Complaint or in any of the other pleadings. The basis of the objection states that the parties entered into a "Change of Terms" Agreement that extended the maturity date of the loan. The Bank now argues that (1) the Debtors' false representation is in the Change of Terms agreement when the Debtors pledged collateral in the form of equipment and life insurance policies which had either been sold or allowed to lapse, respectively; (2) that by means of this false representation, the Defendants obtained an extension of the loan the Bank made to them which originally matured in December 28, 2011. The Bank argues that the actions and statements by the Debtors were made with full knowledge and intent that if the Bank were aware that the Robinsons had disposed of collateral, the Bank would have called in the loan, and that the Robinson's actions were a means to defraud the Bank into extending the loan an additional 20 years under the change in terms agreement.

II.     Additional Facts in Bank's Objection to Motion for Summary Judgment

In response to the Bank's objection the Defendants argue that the Plaintiff's Objection is, in reality, an amended complaint because it adds a new theory for relief under the same Code sections of 523(a)(2)(A) and (B) that were contained in the original complaint.

Rule 7015(a) allows a party to "amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Rule 7015(c) provides that "[a]n amendment to a pleading relates back to the date of the original pleading when: (A) the law that provides the applicable statute of limitations allows relation back; (B) the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out – or attempted to be set out – in the original pleading; . . ." The Court in In re Wright quoted the Eleventh Circuit to explain the narrow purpose of the rule:

> In the Advisory Committee Note to the 1991 amendments to Rule 15, the advisory committee states that "[t]he rule has been revised to prevent parties against whom claims are made from taking unjust advantage of otherwise inconsequential pleading errors to sustain a limitations defense." Congress did not intend rule 15(c) to be so broad as to allow an amended pleading to add an entirely new claim based on a different set of facts. Thus, while Rule 15(c) contemplates that parties may correct technical deficiencies or expand facts alleged in the original pleading, it does not permit an entirely different transaction to be alleged by amendment.

In re Wright, No. 11-85623-JRS, Adv. No. 12-05173-JRS, 2012 WL 7679996, at *2 (Bankr. N.D. Ga. Oct. 11, 2012) (citing Dean v. United States, 278 F.3d 1218, 1221 (11th Cir. 2002)). "A plaintiff cannot raise an objection that is based on completely different facts from those properly pled before the deadline." Id. "Absent good cause, new grounds for objecting to a discharge cannot be added even where 'closely akin' to what has already been alleged, after the time for such objections has expired." In re Damrill, 232 B.R. 767, 772-73 (Bankr. W.D. Mo. 1999).

According to the Court's scheduling order entered on September 5, 2012, pleadings in this adversary proceeding closed on December 10, 2012. The docket reflects that the Plaintiff has made no motion to amend its original complaint or filed a request to extend the pleading deadline. Even if the Plaintiff was permitted leave to amend its complaint at this time, the statutory deadline to file objections to discharge expired long ago, and any amendment would be required to relate back to the time of the original complaint. See 10-7015 Collier on Bankruptcy ¶ 7015.04 (Matthew Bender ed., 16th ed. 2013). The Plaintiff has raised an entirely new set of facts to support its 523 claim. These facts were known to the Bank at the time the original complaint was filed and are not newly discovered. The Bank's objection to the pending Motion for Summary Judgment amounts to an attempt to amend its complaint almost six months after the pleadings closed and ten months after the expiration of the complaint deadline, which is deemed untimely under the Court's scheduling order, the Code and the Rules. Granting leave to amend the original complaint under the circumstances of this case is not justified.

    III.    11 U.S.C. § 523(a)(2)

11 U.S.C. section 523(a)(2)(A) provides that:

> A discharge under section 727 . . . of this title does not discharge an individual debtor from any debt . . . for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained, by – (A) false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition.

The required elements include:

1. The debtor made a representation.
2. The debtor knew the representation was false at the time it was made.
3. The representation was deliberately made for the purpose of deceiving the creditor.
4. The creditor justifiably relied on the representation.
5. The creditor sustained the alleged loss as the proximate result of the representation having been made.

Montgomery Bank, N.A. v. Steger (In re Steger), 472 B.R. 533, 536 (B.A.P. 8th Cir. 2012).

Section 523(a)(2)(A) generally requires a very fact-specific inquiry and "often turns on determinations of the credibility of witnesses' statements as to historical events and parties' subjective states of mind. Such fact-finding is best reserved for a time after in-trial observation of witnesses' demeanor and their performance under cross-examination." Cmty. Fin. Group, Inc. v. Fields (In re Fields), 449 B.R. 387, 390 n.2 (Bankr. D. Minn. 2011).

11 U.S.C. section 523(a)(2)(B) provides:

> A discharge under section 727 . . . of this title does not discharge an individual debtor from any debt . . . for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained, by – (B) use of a statement in writing – (i) that is materially false; (ii) respecting the debtor's or an insider's financial condition; (iii) on which the creditor to whom the debtor is liable for such money, property, services, or credit reasonably relied; and (iv) that the debtor caused to be made or published with intent to deceive.

"A written statement is materially false if it paints a substantially untruthful picture of the debtor's financial condition by misrepresenting information that would normally affect the lender's decision to extend credit." Northland Nat'l Bank v. Lindsey (In re Lindsey), 443 B.R. 808, 813 (B.A.P. 8th Cir. 2011).

To show reliance, the creditor is not required to show that it relied solely on the false information. It is sufficient that the false financial statement was "a contributory cause of the extension of credit." In re Coughlin, 27 B.R. 632, 637 (B.A.P. 1st Cir. 1983). Similarly, "Evidence demonstrating that the loan would not have been granted if the lender had received accurate information is sufficient to show reliance." Id. Under this section, the reliance must also be reasonable.

> "The reasonableness of a creditor's reliance . . . should be judged in light of the totality of the circumstances." Among other things, a court may consider "whether there were any 'red flags' that would have alerted an ordinarily prudent lender to the possibility that the representations relied upon were not accurate; and whether even minimal investigation would have revealed the inaccuracy of the debtor's representations."

Sinclair Oil Corp. v. Jones (In re Jones), 31 F.3d 659, 662 (8th Cir. 1994) (citing Coston v. Bank of Malvern (In re Coston), 991 F.2d 257, 261 (5th Cir. 1993)).  The facts relied upon for fraud or misrepresentation that are contained in the original complaint all relate to information provided by the Defendants after the date of the loan transaction.  Based upon the undisputed facts identified by the Defendants in their Motion, it is not possible for the Bank to prove that these statements were made in an effort to obtain the original loan, or that it relied upon these later misrepresentations in extending the credit to the Defendants or Small-Mart. pursuant to the December 28, 2007 loan.

Under either statutory provision the Plaintiff ultimately bears the burden to prove all elements of 11 U.S.C. section 523(a)(2) by a preponderance of the evidence which cannot be accomplished under its original complaint.  See First Nat'l Bank of Olathe, Kan. v. Pontow, 111 F.3d 604, 608 (8th Cir. 1997).  Under the standards applied by Bankruptcy Rule 7056, incorporating Federal Rule of Civil Procedure 56, the facts identified by the Defendants are undisputed and establish their right to summary judgment under Count I pursuant to 11 U.S.C. section 523(a)(2).

IT IS THEREFORE ORDERED that

1. The Plaintiff's objection is overruled for the reasons stated herein;

2. The Defendant's Motion for Summary Judgment is granted and Count I of Plaintiff's complaint is dismissed;

3. Judgment shall enter accordingly, but is not final for purposes of appeal until final adjudication of Count II of the complaint..

/s/ Anita L. Shodeen  
Anita L. Shodeen  
U.S. Bankruptcy Judge

Parties receiving this Memorandum of Decision from the Clerk of Court:
Electronic Filers in this Adversary Proceeding